UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEROME SPRAGUE, et al., | No. 2:19-cv-2026-KJM-EFB PS |
| Plaintiffs, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| JUSTICE PETER A. KRAUSE, et al., | |
| Defendants. | |

This case is before the court on defendants' motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction and failure to state a claim pursuant to Federal Rules of Civil Procedure (Rule") 12(b)(1) and 12(b)(6).[1] ECF No. 4. Plaintiff Jerome Sprague has also filed a "Request for New Court," which appears to be a motion seeking recusal of the assigned district judge. ECF No. 10. For the following reasons, it is recommended plaintiff's motion for recusal be denied and defendants' motion to dismiss be granted.[2]

/////

/////

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). See 28 U.S.C. § 636(b)(1).

[2] Because the court determined that oral argument would not be of material assistance to the court, defendants' motion was submitted without appearance and without oral argument pursuant to Eastern District of California Local Rule 230(g).

1

I.     <u>Motion for Recusal</u>

Liberally construed, Sprague's "Request for New Court" seeks the recusal of the assigned district judge. The applicable recusal statute, 28 U.S.C. § 455, provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). A judge shall also disqualify himself or herself when the judge has "a personal bias or prejudice concerning a party . . . ." *Id.* § 455(b)(1). The standard for determining whether impartiality might be reasonably questioned is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might be questioned." *United States v. Holland*, 519 F.2d 909, 913 (9th Cir. 2008).

The request for recusal appears to be predicated on adverse rulings issued in other cases Sprague previously filed in this court. ECF No. 10 at 2; *see Sprague v. Brown*, 2:17-cv-938-KJM-GGH (E.D. Cal); *Sprague v. Brown*, 2:17-cv-2434-KJM-CKD. Adverse rulings, standing alone, are not a sufficient basis for recusal. *Litekey v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion . . . . Almost invariably, they are proper grounds for appeal, not for recusal."). Accordingly, the request should be denied.

II.     <u>Defendants' Motion to Dismiss</u>

    A.     <u>Background</u>

The complaint identifies plaintiffs as Jerome H. Sprague (Sprague), as both the trustee and trustor of the Jerome H. Sprague Family Revocable Trust ("Trust") as well as the trust itself. ECF No. 1 at 1. It names as defendants three justices of the California Court of Appeal, Third Appellate District—Justice Peter A. Krause, Justice Louis R. Mauro, Justice William J. Murray, Jr.— and alleges claims styled as (1) as deprivation of rights of the 14th Amendment of the U.S. Constitution, (2) perjury for false writings, (3) accessory for intentional fraud, and (4) slander to the trustee, trustor and trust. *Id*.

The complaint spans 80 pages, with an additional 298 pages of exhibits, and consists of a prolix narrative describing various errors allegedly committed by the trial and appellate state courts in a civil action to which Sprague was a party. *See generally id*. The crux of the complaint

is that defendants violated Sprague's and the Trust's constitutional rights and violated state law during appellate proceedings over which they presided. With respect to the complaint's four claims, Sprague alleges that defendants: ignored arguments in his briefs (*id*. at 1, 6-7); committed perjury by stating he failed to cite authority establishing a due process right to a hearing (*id*. at 2, 57); ruled against him to protect the reputation of a state court judge and multiple state agencies (*id*. at 58); and issued an opinion that slandered Sprague and the Trust "by favoring a Ghost Defendant" (*id*. at 58-59).

Defendants move to dismiss the complaint's claims, arguing that they are barred by Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, and judicial immunity. ECF No. 4-1.

B.  Legal Standards

1.  Rule 12(b)(1) Standards

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen*, 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

A motion to dismiss pursuant to Rule 12(b)(1) seeks dismissal for lack of subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1). On a Rule 12(b)(1) motion to dismiss for lack of

1   subject matter jurisdiction, plaintiff bears the burden of proof that jurisdiction exists. *See, e.g.,*
2   *Sopcak v. Northern Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995); *Thornhill Pub.*
3   *Co. v. General Tel. & Electronics Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). Different standards
4   apply to a 12(b)(1) motion, depending on the manner in which it is made. *See, e.g., Crisp v.*
5   *United States*, 966 F. Supp. 970, 971-72 (E.D. Cal. 1997). "A Rule 12(b)(1) jurisdictional attack
6   may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).
7   A facial attack "asserts that the lack of subject matter jurisdiction is apparent from the face of the
8   complaint." *Id.* If the motion presents a facial attack, the court considers the complaint's
9   allegations to be true, and plaintiff enjoys "safeguards akin to those applied when a Rule 12(b)(6)
10  motion is made." *Doe v. Schachter*, 804 F. Supp. 53, 56 (N.D. Cal. 1992).
11          Conversely, a factual attack, often referred to as a "speaking motion," challenges the truth
12  of the allegations in the complaint that give rise to federal jurisdiction and the court does not
13  presume those factual allegations to be true. *Thornhill*, 594 F.2d at 733. Although the court may
14  consider evidence such as declarations or testimony to resolve factual disputes, *id.*; *McCarthy v.*
15  *United States*, 850 F.2d 558, 560 (9th Cir. 1988), genuine disputes over facts material to
16  jurisdiction must be addressed under Rule 56 standards. "[W]hen ruling on a jurisdictional
17  motion involving factual issues which also go to the merits, the trial court should employ the
18  standard applicable to a motion for summary judgment. Under this standard, the moving party
19  should prevail only if the material jurisdictional facts are not in dispute and the moving party is
20  entitled to prevail as a matter of law." *Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*,
21  813 F.2d 1553, 1558 (9th Cir. 1987) (quotations and citations omitted) (emphasis added).
22          Defendants advance a facial attack, arguing that the complaint's allegations, taken as true,
23  demonstrate the lack of subject matter jurisdiction.
24              2.      Rule 12(b)(6)'s Standards
25          A complaint may be dismissed for "failure to state a claim upon which relief may be
26  granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss for failure to state a claim, a
27  plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell*
28  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has "facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard is not akin to a "probability requirement," but it requires more than a sheer possibility that a defendant has acted unlawfully. *Iqbal*, 556 U.S. at 678.

Dismissal under Rule 12(b)(6) may be based on either: (1) lack of a cognizable legal theory, or (2) insufficient facts under a cognizable legal theory. *Chubb Custom Ins. Co.*, 710 F.3d at 956. Dismissal also is appropriate if the complaint alleges a fact that necessarily defeats the claim. *Franklin v. Murphy*, 745 F.2d 1221, 1228-1229 (9th Cir. 1984).

Pro se pleadings are held to a less-stringent standard than those drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (per curiam). However, the Court need not accept as true unreasonable inferences or conclusory legal allegations cast in the form of factual allegations. *See Ileto v. Glock Inc.*, 349 F.3d 1191, 1200 (9th Cir. 2003) (citing *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981)).

For purposes of dismissal under Rule 12(b)(6), the court generally considers only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice, and construes all well-pleaded material factual allegations in the light most favorable to the nonmoving party. *Chubb Custom Ins. Co. v. Space Sys./Loral, Inc.*, 710 F.3d 946, 956 (9th Cir. 2013); *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

C. Discussion

As a threshold matter, the complaint purports to assert claims on behalf of Sprague and the Trust. The complaint does not demonstrate that Sprague is the beneficiary under the Trust, nor is there any indication that he is an attorney. Unless Sprague is an attorney, he may not assert claims on behalf of the Trust. *See, e.g., C.E. Pope Equity Trust*, 818 F.2d at 697-98 (trustee, who is not a beneficiary and is proceeding *in propria persona*, may not appear on behalf of a trust); *Johns v. County of San Diego*, 114 F.3d 874, 876 877 (9th Cir. 1997) (a non-lawyer has no authority to appear as an attorney for another, and general power of attorney does not give non-lawyer right to assert the personal constitutional claims of another).

1     As for Sprague's own claims, they must also be dismissed for the reasons detailed below.

2        1.    Eleventh Amendment Immunity

The Eleventh Amendment protects states, state agencies, and "arms of the state" from liability absent a clear waiver or consent to suit. *Quern v. Jordan*, 440 U.S. 332, 337–345 (1979). "[S]tate case law and constitutional provisions make clear that the [California Court of Appeal] is a state agency." *See Greater L.A. Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1110 (9th Cir. 1987). However, "[w]here the State itself or one of its agencies or departments is not named as defendant and where a state official is named instead, the Eleventh Amendment status of the suit is less straight forward." *Papasan v. Allain*, 478 U.S. 265, 276 (1986). To be entitled to Eleventh Amendment immunity, the judicial officer must demonstrate that the state is the real party in interest and will be liable for any judgment rendered against the judge. *Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir. 1997) ("If the state officials can show that 'the action is in essence one for recover of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.").

Here, the complaint does not name the California Court of Appeal as a defendant. Instead, it only purports to allege claims against three justices of that court. Although the defendants are entitled to judicial immunity, *see* discussion below, their Eleventh Amendment argument fails. They do not argue, nor demonstrate, that California would be responsible for any judgment rendered against them. Thus, they have not satisfied their burden of showing entitlement to immunity under the Eleventh Amendment. *See Hyland*, 117 F.3d at 414 ("[T]he defendants do not point to any evidence that the state would be liable for the judgment. The judges have not met their burden to show that they are protected by Eleventh Amendment immunity.").

   2.    *Rooker-Feldman* Doctrine and Judicial Immunity

The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the exact claims raised in a state court case are raised in the subsequent federal case, or if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's denial of relief.

*Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n. 16). *Rooker-Feldman* thus bars federal adjudication of any suit where a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n.4. Quite simply, the federal district courts lack subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Allah v. Superior Court of State of California*, 871 F.2d 887, 891 (9th Cir. 1989); *see also Branson v. Nott*, 62 F.3d 287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, *inter alia*, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486.

Here, the complaint clearly challenges defendants' rulings in the state court appellate action. Indeed, Sprague claims defendants ignored his pleadings, misconstrued his arguments, and violated his civil rights and committed slander in the opinion affirming the trail court's judgment. *See, e.g.,* ECF No. 1 at 1-2, 6-7, 57-59. Because this court lacks jurisdiction to review defendants' purported errors, Sprague's claims must be dismissed.

For similar reasons, the claims against defendants are barred by judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 360-61 (1978) ("Because the court over which Judge Stump presides is one of general jurisdiction, neither the procedural errors he may have committed nor the lack of a specific statute authorizing his approval of the petition in question rendered him liable in damages for the consequences of his actions.").

IV.   Conclusion

For the foregoing reasons, it is hereby RECOMMENDED that:

1. Plaintiff's motion for recusal (ECF No. 10) be denied;
2. Defendants' motion to dismiss (ECF No. 4) be granted;
3. Plaintiff's complaint be dismissed without leave to amend; and
4. The clerk be directed to close the case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 1, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE